Dear Mr. Wilson:
You advise this office that you hold the position of judicial administrator for the Twenty-Eighth Judicial District Court. You ask if state law requires you to resign or take a leave of absence from your position in order to seek elective office.
Your position is established pursuant to Louisiana District Court Rules, Rule 4.1, stating:
 Rule 4.1 Judicial Administrators
 The court en banc may appoint and fix the salary of a judicial administrator to assist the court in fulfilling its administrative obligations. Those judicial districts that have appointed an administrator are listed in Appendix 4.
You work under the supervisory authority of the judge of the Twenty-Eighth District Court. Further, civil service laws are not applicable to you as your position is unclassified.[1] While there is no statutory provision which would *Page 2 
prevent you from seeking public office while holding your position as judicial administrator, you may be mandated by office policy to take a leave of absence. See Attorney General Opinions 99-316 and 01-189, copies attached.
Absent such a policy, a non-civil service employee may run for political office without taking a leave of absence from his job or resigning as long as he fulfills his job duties and does not use official time for election activities. Rather, he must campaign during off-duty hours. See Attorney General Opinion 02-0178, copy attached.
Accordingly, we find nothing in state law which would prohibit you from running for elective office, within the described limitations. However, we do not address the applicability of the Judicial Canons to your situations. For an opinion regarding the application of the Code of Judicial Conduct, please contact Dr. Hugh M. Collins, Chief Executive Officer, Judiciary Commission, 400 Royal Street, Suite 1190, New Orleans, LA 70130-8101; phone 504-310-2550.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg *Page 3 
 ATTACHMENT OPINION 99-316
Mr. Walter "Tommy" Brown
President, Beauregard Parish Police Jury
Post Office Box 310
DeRidder, LA 70634
78 — OFFICERS — Dual Office Holding
LSA — R.S. 42:61 et seq.
There is no statutory prohibition against a parish police jury employee seeking a local or statewide public office while still holding his or her present employment. However, the Beauregard Parish Police Jury may mandate a parish employee to take a leave of absence to run for political office.
Dear Mr. Brown:
You have requested an Attorney General's opinion on the following issue:
 Must two road foremen running for police jury in the districts that currently employ them resign from employment with the police jury?
There is no statutory prohibition against a parish police jury employee seeking a local or statewide public office while still holding his or her present employment.
However, § 6.09(C) of the Beauregard Parish Police Jury Handbook, mandates, "[a]ny parish employee must take a 90-day leave of absence if they run for political office."
Attorney General Opinion No. 79-600, stated:
 [A]n ordinance stating municipal employees shall not run for public office is not inconsistent with state law or the constitution. In fact, the constitution and state law contains provisions prohibiting classified civil service employees from engaging in political activity.
The same holds true for a parish ordinance. Therefore, assuming Beauregard Police Jury Handbook was formally adopted by ordinance, § 6.09(C) is a valid exercise of authority.
In a recent telephone conversation with our office, your office also requested that we review the legality of certain sections from the Beauregard Parish Police Jury Handbook. Specifically, your concerns involve the sick leave and annual leave policies as they relate to the two candidates discussed above.
Section 6.02 of the Police Jury Handbook addresses sick leave policies for parish employees. Section 6.02(C) states, "[s]ick leave taken in excess of three consecutive work days shall be accompanied with a statement from the employee's doctor confirming sickness." By its very nature, sick leave can only be applied toward leave taken for illness, injury, or sickness. Therefore, in our opinion, applying sick leave towards any leave taken by a parish employee to campaign for public office is prohibited. *Page 4 
However, no such prohibition applies to annual leave taken in this capacity. As long as the procedural guidelines in § 6.03 are followed, a parish employee may properly exercise his or her annual leave options to run for elected office.
I trust this addresses your concerns. Please contact this office if you require further assistance.
 Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________
 Carlos M. Finalet, III Assistant Attorney General
 RPI/CMF, III/mjb *Page 5 
 ATTACHMENT OPINION 01-189
Mr. Terance L. Irvin
2414 South Edwards Avenue
Gonzales, LA 70737
78 OFFICERS-DUAL OFFICEHOLDING
R.S. 42:62(9); R.S. 43:63(D)
State law does not prohibit a parish employee from seeking a local or statewide public office while remaining in his employment. However, a parish ordinance which mandates an employee's leave of absence to run for political office is a valid exercise of authority by the local governing body.
Dear Mr. Irvin:
You have asked this office to determine whether an individual employed with the Ascension Parish Government may also legally hold the elected office of member of the Gonzales City Council.
The provision of law applicable to this matter is R.S. 42:63(D) of the Dual Officeholding and Dual Employment Laws, which pertinently provides:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office . . . (Emphasis added).
R.S. 42:63(D) prohibits an elected officer of a political subdivision of the state from holding employment in the same political subdivision. As the parish employment and the municipal elected office are within separate political subdivisions as defined in R.S. 42:62(9)[1], the prohibition is inapplicable. In accord are Attorney General Opinions 00-65, 98-237 and 92-525.
In further response, note that the law does not prohibit a parish employee from seeking a local or statewide public office while remaining in his employment. However, this office has determined that a parish ordinance which mandates an employee's leave of absence to run for political office is a valid exercise of *Page 6 
authority by the local governing body. See Attorney General Opinion 99-316, copy enclosed. Absent such a policy, the employee is not required to take a leave of absence, but he must campaign during his off-duty hours.
Should you have other questions in which we may be of assistance,please contact this office.
 Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:ams *Page 7 
 ATTACHMENT OPINION 02-178
Mr. Russell J. Delahoussaye
Erath Volunteer Fire Dept., Inc.
209 S. Kibbe
Erath, LA 70533
27 — Elections — Candiates, nominations eligibility to run
78 — Officers — Dual office holding R.S. 42:61
A non-civil service employee may run for political office without taking a leave of absence from his job; but an elected councilman could not be employed with the Town.
Dear Chief Delahoussaye:
This office is in receipt of your request for an opinion of the Attorney General in regard to you seeking the office of Councilman for the Town of Erath. You indicate you are serving as Fire Chief of the Erath Volunteer Fire Department, which is chartered with the State of Louisiana as a non-profit corporation, and you are also employed by the Town of Erath as a paid firefighter/maintenance, and are presently collecting State supplemental pay. However, you have stated by telephone that you are not in Civil Service.
You state you would like to run for Councilman in the fall election, and ask whether you have the right to do so while being employed with the Town; and whether you would have to quit your job to run for election, take a leave of absence, or give up your position as Fire Chief?.
If the answer to the these questions are "no", and you are elected and installed as Councilman, you additionally ask whether you would have to quit your job altogether with the Town of Erath, and give up your position as Fire Chief of the Volunteer Fire Department.
In response to your first questions of seeking election while employed by the Town, we would reiterate the conclusions previously reached by this office wherein it was stated that a non-civil service employee may run for political office without taking a leave of absence from his job or resigning as long as he fulfills his job duties, and does not use official time for elections activities. It was declared that he must campaign on off-duty hours. Atty. Gen. Op. Nos. 96-236, 92-256.
With regard to continuing your employment if elected, we must consider the dual officeholding statutes which, in accordance with R.S. 42:61, are to implement a policy which will serve to maintain a high level of trust and confidence by the citizens in public *Page 8 
officials and employees and governmental decisions. Specifically pertinent to your inquiry is R.S. 42:63(D) which sets forth the following prohibition:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office of employment with any sheriff, assessor, or clerk of court. (Emphasis added.)
Accordingly, as an elected councilman for the Town of Erath you could not at the same time hold employment with the Town as a paid firefighter/maintenance position.
However, we find that you could hold the position as Chief with the Volunteer Fire Department. This office has stated that "the position of fire chief of a volunteer fire department is not a public office or employment, and the prohibition of dual office holding is not applicable". Atty. Gen. Op. Nos. 97-104, 80-1466, 80-1525. It was stated in Atty. Gen. Op. 97-104, "Since the fire chief is a volunteer, is not salaried or paid on a per diem basis, and is not an appointee since not selected by a public official or governmental body of such officials, we conclude there is no violations of dual officeholding provisions or R.S.42:64."
We hope this sufficiently answers your concerns.
 Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________ BARBARA B. RUTLEDGE Assistant Attorney General
 RPI/bbr
[1] LSA-Const. Art. X § 2 of the Louisiana Constitution of 1974 enumerates those officers and employees in the state and city civil service who must remain in the unclassified service. For example, an employee or officer is in the unclassified service if he holds a position on the staff of one of the parish or judicial offices. Art. X § 2(B)(10) states:
(B) Unclassified Service. The unclassified service shall include the following officers and employees in the state and city civil service:
 *****
(10) employees, deputies, and officers of the legislature and of the offices of the governor, lieutenant governor, attorney general, each mayor and city attorney, of police juries, school boards, assessors,and of all offices provided for in Article V of this constitution except the offices of clerk of the municipal and traffic courts in New Orleans.
LSA-Const. Art. V § 1 (1974) defines the judicial branch of state government and includes the district courts. Thus, the position of judicial administrator is in the unclassified service. The prohibition of LSA-Const. Art. X § 9 (1974) which prohibits members of the classified service from engaging in political activity is therefore inapplicable.
[1] R.S. 42:62(9) provides:
(9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.